UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KIM BOOKER,                                          :
                                                     :
                                Plaintiff,            :
                                                     :
                -against-                          :     **SECOND AMENDED**
                                                     :     **COMPLAINT**
THE CITY OF NEW YORK; EDWIN LAU;                     :
MARCUS GONZALEZ; ROBERT KSELMAN;                     :     **Jury Trial Demanded**
and JOHN/JANE DOES, Nos. 1-10 (members of            :
the New York City Police Department whose names      :     **ECF Case**
are presently unknown to Plaintiff),                 :
                                                     :     13 Civ. 7238 (GHW) (KNF)
                             Defendants.           :
------------------------------------------------------------------------x

        Plaintiff KIM BOOKER, by her attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

        1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of her civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

        2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

        3.    The Court has jurisdiction over plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

        4.    Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

5. Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff KIM BOOKER is a resident of the County, City, and State of New York.

7. Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

8. Defendant EDWIN LAU (Shield No. 6902) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Lau was a detective assigned to the 25th Precinct. Defendant Lau is being sued in his individual capacity.

9. Defendant MARCUS GONZALEZ is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Gonzalez was a lieutenant assigned to the 25th Precinct. Defendant Gonzalez is being sued in his individual and official capacities.

10. Defendant ROBERT KSELMAN is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Kselman was a police officer assigned to the 25th Precinct. Defendant Kselman is being sued in his individual capacity.

11. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual capacities.

12. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

13. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

14. On Tuesday, February 19, 2013, plaintiff and her minor children, including her six-year-old son K.O., were staying at her mother's apartment at 1990 Lexington Avenue in East Harlem.

15. At about 9:30 or 10:00 a.m., plaintiff's sister Janece Booker stopped by the apartment.

16. Plaintiff and Janece began to argue over a family matter.

17. Janece threatened plaintiff with a razor in the presence of several children, including K.O., causing plaintiff to retreat to a bedroom with K.O.

18. In response to a 911 call made by Janece -- a call in which Janece simply stated "No one has a razor here" -- police officers from the 25th Precinct came to the apartment.

19. When the officers arrived, Janece told them, in sum and substance, that nothing serious happened.

20. Janece also conceded to the officers that plaintiff had not assaulted or harassed her.

21. Janece further denied that she had suffered any injury.

22. Because plaintiff complained to the officers that Janece had threatened her with a razor in the presence of her children, as well as her mother's foster children, the officers arrested Janece and took her to the 25th Precinct.

23. Based on what Janece told them, the officers concluded that they lacked probable cause to believe that plaintiff had committed any crime or offense and declined to arrest her.

24. The next day, Wednesday, February 20, 2013, Janece was arraigned in New York County Criminal Court and charged with menacing in the second degree, endangering the welfare of a child (nine counts), and criminal possession of a weapon in the fourth degree. She was released on her own recognizance subject to a temporary restraining order requiring her to stay away from plaintiff and K.O., as well as from plaintiff's mother's foster children.

25. In connection with Janece's arrest, an assistant district attorney in the New York County District Attorney's office called plaintiff on Tuesday evening, February 19, 2013, and asked plaintiff to come down to her office.

26. The next day, Wednesday, February 20, 2013, at about 1:00 p.m., plaintiff met with Lawrence Hale Newman, Deputy Chief of the Domestic Violence Unit in the New York County District Attorney's office, signing a sworn statement that Janece had threatened her with a razor the previous day.

27. After meeting with Mr. Newman in the New York County District Attorney's office, plaintiff returned to East Harlem, picked K.O. up from school, and went to her aunt's apartment at 1990 Lexington Avenue.

28. Following her arraignment and release from custody on Wednesday, February 20, 2013, Janece went back to the 25th Precinct and told officers there -- completely contrary to what she had told the officers who arrested her the previous day -- that plaintiff had assaulted and harassed her, causing Janece physical injuries.

29. Acting on Janece's false complaint and at the direction of defendant Gonzalez, officers from the 25th Precinct, including defendants Lau and Kselman, came to plaintiff's aunt's apartment at 1990 Lexington Avenue on the afternoon of Wednesday, February 20, 2013, to arrest plaintiff.

30. Upon learning of Janece's false complaint, plaintiff asked defendant Lau and the officers with him to speak to the officers who had arrested Janece the previous day and heard Janece concede that plaintiff had not assaulted or harassed her and deny that she had suffered any physical injuries.

31. Plaintiff also showed defendant Lau and the officers with him her visitor's pass from her meeting with Mr. Newman in the New York County District Attorney's office earlier that day in connection with Janece's prosecution.

32. Even though defendant Lau and the officers with him could have confirmed that Janece's complaint was false simply by speaking with the officers who had arrested Janece the previous day -- officers from the very same precinct -- they declined to do so.

33. An officer told plaintiff, in sum and substance, that he had to arrest her even if Janece had filed a false complaint because that was NYPD policy in domestic violence cases.

34. Plaintiff was arrested and taken to the 25th Precinct, where she was placed in a cell with a toilet backed up with feces and urine and held there for 15 to 17 hours.

35. Because the toilet in her cell was backed up with feces and urine, plaintiff asked four times to use another toilet to relieve herself. However, the officers present in the cell area, including

5

defendant Lau, ignored her requests. As a result, plaintiff was unable to relieve herself at the 25th Precinct.

36. The putrid conditions from the backed up toilet aggravated plaintiff's asthma, making it difficult for her to breathe.

37. The next day, Thursday, February 21, 2013, plaintiff was taken to Central Booking at 100 Centre Street in Manhattan.

38. An emergency medical technician, noticing that plaintiff was having breathing difficulties, requested an ambulance for plaintiff.

39. Plaintiff was taken to Bellevue Hospital Center, where she was given an asthma pump to alleviate her breathing difficulties.

40. While at Bellevue Hospital Center, plaintiff asked to use the bathroom, as she had been unable to relieve herself in almost 20 hours. A male officer allowed plaintiff to do so but kept his foot in the bathroom door while plaintiff relieved herself. There was no security need for the officer to do so, as there were no windows through which plaintiff could have escaped.

41. Plaintiff then was brought back to Central Booking at 100 Centre Street in Manhattan.

42. At about 3:00 p.m. on Thursday, February 21, 2013, plaintiff was released without charges and without seeing a judge, after almost 24 hours in custody, because the New York County District Attorney's office declined to prosecute plaintiff.

43. As a result of the foregoing, plaintiff sustained, *inter alia*, physical pain and discomfort, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of her constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

44. Plaintiff repeats and realleges paragraphs "1" through "43" with the same force and effect as if they were fully set forth herein.

45. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Substantive Due Process Claim Under 42 U.S.C. § 1983)

46. Plaintiff repeats and realleges paragraphs "1" through "45" with the same force and effect as if they were fully set forth herein.

47. Defendants, acting in concert and within the scope of their authority, knowingly exposed plaintiff to conditions that posed a serious threat to her health and deprived her of the ability to satisfy basic human needs, including the need to eliminate and dispose of one's bodily waste without unreasonably risking contamination, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Failure to Intervene Claim Under 42 U.S.C. § 1983)

48. Plaintiff repeats and realleges paragraphs "1" through "47" with the same force and effect as if they were fully set forth herein.

49. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers,

but failed to intervene to prevent the unlawful conduct, despite having a realistic opportunity to do so, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

50. Plaintiff repeats and realleges paragraphs "1" through "49" with the same force and effect as if they were fully set forth herein.

51. The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

52. The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making arrests without probable cause in domestic violence cases, simply because someone has made a complaint, even in circumstances where the arresting officer knew or should know that there are reasons to doubt the complainant's veracity.

53. The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from an officer's admission to plaintiff on February 20, 2013 that he had to arrest her even if Janece's complaint was false because that was NYPD policy in domestic violence cases. *See* ¶ 33 *supra*.

54. The City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

55. The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

56. The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

57. The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D) Such other relief as this Court deems just and proper.

Dated: Brooklyn, New York
August 21, 2014

Respectfully submitted,

*Robert T. Perry*

ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*

To: Elissa B. Jacobs, Esq. (by ECF)
Assistant Corporation Counsel
*Attorney for Defendants The City of New York
and Edwin Lau*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KIM BOOKER,                                             :
                                                        :
                          Plaintiff,                    :
                                                        :
        -against-                                       :
                                                        :
THE CITY OF NEW YORK; EDWIN LAU;                        :         13 Civ. 7238 (GHW) (KNF)
MARCUS GONZALEZ; ROBERT KSELMAN;                        :
and JOHN/JANE DOES, Nos. 1-10 (members of               :
the New York City Police Department whose names         :
are presently unknown to Plaintiff),                    :
                                                        :
                          Defendants.                   :
------------------------------------------------------------------x

## SECOND AMENDED COMPLAINT

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*